LABORDE, Judge.
Plaintiff Marcus Hall, an adjudicated habitual offender, requested that defendant Department of Public Safety (DPS) restore his driving privileges. DPS denied plaintiffs request. Plaintiff then filed a petition in district court seeking restoration of driving privileges, which was opposed by DPS. The trial judge held for defendant DPS. Plaintiff appeals. We reverse and render.
The facts in this case are simple and undisputed. They are presented to this court, as they were at trial, by stipulation of the parties.
Plaintiff was adjudicated an habitual offender on September 17, 1980, pursuant to the provisions of Louisiana Revised Statute 32:1472. Based on this adjudication, DPS terminated plaintiffs driving privileges and required plaintiff to surrender his driver’s license pursuant to Revised Statute 32:1477(A).
It is important to note that neither section 1472, which defines “habitual offender,” nor section 1477(A), which directs DPS to revoke the driving privileges of habitual offenders, provides minimum or maximum time limits for the revocation. These provisions simply terminate driving privileges; it is left to the offender to seek restoration of driving privileges, under separate statutory authority.
In early 1984, plaintiff sought restoration of his driving privileges and the return of his license. He asserted to DPS that his driving privileges should be restored under the following statutory provision:
“No license to operate motor vehicles in this state shall be issued to a habitual offender, nor shall a nonresident habitual offender operate a motor vehicle in this state until all of the following requirements have been complied with:
(1) A period of three years has elapsed since the date of the order of the court finding such person to be a habitual offender.
(2) Financial responsibility requirements are met.
(3) If after the lapse of the three year period provided above, the department determines that the person has faithfully complied with the order declaring him to be a habitual offender, the department shall restore to such person the privilege to operate a motor vehicle in this state.”
La.Rev.Stat. 32:1479.
DPS agreed that plaintiff had met all the requirements of the statute: more than three years had passed since the date of his adjudication (September 17, 1980), plaintiff proved financial responsibility, and plaintiff *542 had faithfully complied with the order declaring him to be an habitual offender. However, DPS refused to restore plaintiffs driving privileges.
On September 17, 1980, when plaintiff was adjudicated an habitual offender, section 1479 was similar in substance to its present form, except the statutory time period set forth in subsection (1) and again in subsection (3) provided for a lapse of at least five years from the date of adjudication before restoration of privileges could be considered. Acts 1982, number 555, section 1 amended this statute to provide for the present three year lapse. DPS reasoned that to restore plaintiffs driving privileges in accord with the time period contained in the statute as amended in 1982 would give retroactive effect to that amendment.
Plaintiff filed suit in district court seeking to overturn DPS’s decision. See La. Rev.Stat. 32:1478. The district judge, however, in reasons for judgment rendered May 21, 1984, agreed with the position taken by DPS. This appeal followed.
Initially, we note that any special considerations governing our review of administrative actions are inapplicable in this case. The sole issue presented for our consideration is whether the current version of Revised Statute 32:1479 or its predecessor before the 1982 amendment governs plaintiffs claim for restoration of driving privileges. In interpreting this statute enacted (and amended) by our legislature, this court need not grant any deference to the interpretation favored by DPS. We are presented solely with a question of law, and deciding such questions is entirely within our province.
We note that it is stipulated that plaintiff meets all the requirements of the current section 1479. DPS states that but for its belief that plaintiff must wait five years before regaining driving privileges, plaintiff would have his license and privileges returned to him. We add that section 1479 mandates that DPS restore driving privileges to an adjudicated offender if that statute’s criteria are met. Thus, if we find that the statute, as amended in 1982, applies to plaintiff, then DPS must return his license and driving privileges.
We hold that section 1479, in its present form,' is applicable to plaintiff. The reasoning of DPS and of the trial judge to the contrary is mistaken. There is simply no problem of retroactivity presented by this case. Section 1479 was not involved in plaintiffs adjudication as an habitual offender, nor in the termination of his driving privileges. Section 1479 merely provides plaintiff with a statutory means of regaining his driver’s license and privileges. Plaintiff’s adjudication as an offender is not retroactively affected by a restoration of privileges under section 1479.
It has been repeatedly held that the laws governing habitual offenders are civil in nature. See, e.g., State v. Woodard, 387 So.2d 1066, 1068 (La.1980). Thus, we are not presented here with a criminal statute which has had its penalty provisions changed subsequent to a conviction. Potential ex post facto considerations, if any, are irrelevant. Plaintiff presents a claim of the same nature as that presented by any other petitioner in a civil matter.
Section 1479 does not affect any vested rights of the State in the remedy that it affords plaintiff. That section, on its face, does not affect plaintiff’s prior adjudication. There is no indication that the legislature intended to treat those adjudicated as habitual offenders prior to the passage of the amendment to section 1479 differently than those adjudicated as habitual offenders subsequent to its passage. In the absence of such an indication, and because the statute is facially applicable to plaintiff, we find that he is entitled to the remedy thereunder.
DPS concedes that plaintiff meets the criteria of section 1479, which mandates restoration of driving privileges if its provisions are met. We have the authority to order relief in this case. La.Rev.Stat. 32:1478; see also La.Code Civ.Proc. art. *543 2164. Because we find that the current form of Louisiana Revised Statute 32:1479 applies to plaintiff, we grant his remedy thereunder.
DECREE
It is ordered, adjudged, and decreed that driving privileges are hereby restored to plaintiff Marcus Hall. It is further ordered, adjudged, and decreed that defendant State of Louisiana, Department of Public Safety, return to plaintiff his driver’s license. Costs of this appeal are assessed to defendant.
REVERSED AND RENDERED.
STOKER, J., concurs and assigns written reasons.
YELVERTON, J., concurs for the reasons assigned by STOKER, J.