796 So.2d 34 (2001)
Louella Porter LEVY, et ux,
v.
Jeffery P. VINCENT, et al.
No. 01-0277.
Court of Appeal of Louisiana, Third Circuit.
July 18, 2001.
Rehearing Denied September 26, 2001.
*35 Joseph F. Gaar, Jr., Lafayette, LA, Counsel for Plaintiffs/Appellants: Louella Porter Levy and Thaddeus M. Levy.
Jonathan Duncan, Thomas E. Gibbs & Associates, Baton Rouge, LA, Counsel for Defendants/Appellees: Jeffery P. Vincent, et al.
Court composed of ULYSSES GENE THIBODEAUX, SYLVIA R. COOKS, JOHN D. SAUNDERS, OSWALD A. DECUIR and MICHAEL G. SULLIVAN, Judges.
THIBODEAUX, Judge.
Plaintiffs-appellants, Mrs. Louella Porter Levy and her husband, Mr. Thaddeus Levy, appeal the judgment of the trial court in favor of defendants-appellees, Mr. Jeffery P. Vincent and his automobile liability insurance carrier, U.S. Agencies Casualty Insurance Company, Inc. (hereinafter "U.S. Agencies"). The trial judge, in denying Mrs. Levy's motion for summary judgment, held that La.R.S. 32:866, the "no pay-no play" statute, is applicable to the facts and circumstances of this case. Therefore, Mrs. Levy is unable to collect on the first $10,000.00 of any damages she, and her husband, may receive as a result of the injuries they sustained in a traffic accident with Mr. Vincent.
We reverse. The policy provisions on who is a covered driver are ambiguous. An ambiguous insurance policy is interpreted in favor of coverage.

I.

ISSUE
Does La.R.S. 32:866, the "no pay-no play" statute apply when an endorsement to an insurance policy excluding a driver from coverage is in conflict with the body of the policy extending coverage?

*36 II.

FACTS
This cause of action arises as a result of an automobile accident involving a 1979 Ford F-100 truck being driven by Mrs. Louella Porter Levy and another vehicle being driven by Jeffery P. Vincent. On July 26, 1999, at approximately 6:00 p.m., Mrs. Levy was stopped at a traffic signal at the intersection of Louisiana Highway 14 and North Lyman Street in Abbeville, Vermilion Parish, Louisiana. Mr. Vincent was westbound on Highway 14, when he made a sudden left turn directly into the path of another vehicle, causing that vehicle to strike Mrs. Levy's truck and causing both bodily injury and property damage.
As a result of the accident, Mrs. Levy filed a lawsuit on January 10, 2000. U.S. Agencies filed an answer asserting it is entitled to a credit of $10,000.00 against all damages, if any, due Mrs. Levy, unless she could prove she had a valid policy of automobile liability insurance in place at the time of the accident. U.S. Agencies asserted La.R.S. 32:866, the "no pay-no play" statute, as an affirmative defense as they contended Mrs. Levy was uninsured at the time of the accident. Mrs. Levy filed a motion for summary judgment, asserting that there were no genuine issues as to a material fact and that La.R.S. 32:866 did not apply to the facts and circumstances of this case. The trial court found La.R.S. 32:866 to be applicable and, therefore, denied Mrs. Levy's motion for summary judgment. It is from this decision that the Levys appeal.

III.

LAW AND DISCUSSION

Standard of Review
Appellate courts review summary judgments de novo, under the same criteria which govern the trial court's consideration of whether summary judgment is appropriate. Benoit v. Roche, 94-715 (La.App. 3 Cir. 6/14/95); 657 So.2d 574. A motion for summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to a material fact, and that mover is entitled to judgment as a matter of law." La.Code Civ.P. art. 966(B). The interpretation of a statute is a question of law which may be decided by summary judgment. See Hall v. State, Through Dep't of Pub. Safety, Office of Motor Vehicles, Driver Management Bureau, 474 So.2d 540 (La.App. 3 Cir.1985).

La.R.S. 32:866, "No Pay-No Play"
Louisiana Revised Statutes 32:866(A)(1) limits the recovery of the owner or operator of an uninsured vehicle as follows:
There shall be no recovery for the first ten thousand dollars of bodily injury and no recovery for the first ten thousand dollars of property damages based on any cause or right of action arising out of a motor vehicle accident, for such injury or damages occasioned by an owner or operator of a motor vehicle involved in such accident who fails to own or maintain compulsory motor vehicle liability security.
Simply stated, this statute means if a motorist fails to pay for liability coverage to protect others, he cannot play in the legal system for the collection of his first $10,000.00 in damages.
"No pay, no play" was implemented in Act 1476, the Omnibus Premium Reduction Act of 1997. In section one of the Omnibus Premium Reduction Act of 1997, *37 the legislature declined to reduce otherwise recoverable damages for failure to maintain liability insurance coverage, and to encourage all owners or operators of motor vehicles on public streets and highways to comply with the Motor Vehicle Safety Responsibility Law. Progressive Sec. Ins. Co., v. Foster, 97-2985 (La.4/23/98); 711 So.2d 675. The Motor Vehicle Safety Responsibility Law requires that every self-propelled motor vehicle registered in this state, with limited exception, be covered by an automobile liability policy with liability limits as defined by La.R.S. 32:900(B)(2). Id.
The 1979 Ford truck Mrs. Levy was driving was owned by her husband, Mr. Thaddeus Levy, and covered by an automobile liability policy as required by law. Mrs. Levy was a permissive driver of her husband's truck. However, an endorsement to the policy specifically excluded Mrs. Levy from coverage. The exclusion provision to the policy states:
It is agreed that the only coverages afforded by the policy are the statutory minimum limits required by the State of Louisiana for liability coverage with respect to any loss or damage arising from any accident which occurs while the automobile is being driven, operated, manipulated, maintained, serviced, or used in any manner by an unlisted driver who resides in the same household as the named insured and who has not been specifically excluded from coverage by Endorsement 1303. This exclusion shall apply whether or not the named insured is occupying the vehicle at the time said driver is using it in any manner whatsoever. Nothing contained in this endorsement shall vary, waive, alter or extend any other term or condition of the policy. This endorsement shall supercede any policy provisions to the contrary and shall take effect simultaneously with such policy.
Although the endorsement provision is clear, it leads to an ambiguity in the body of the insurance contract. Under the "Definitions" section of the insurance policy, the words "you" and "your" are defined to mean "the person named on the declarations page and that person's spouse if living in the same household."
Furthermore, under the "Liability to Others" section of the policy an "insured person" or "insured persons" is defined as "[y]ou, a relative, or an additionally listed driver while driving your insured car or a non-owned car." This section of the policy does not exclude a spouse of an insured. In fact, it extends coverage to a named insured's spouse. U.S. Agencies when drafting this policy could have clearly added the words, "not otherwise excluded." U.S. Agencies did not add the proper language to the contract and this results in an ambiguity as to whether Mrs. Levy is covered under the policy. Additionally, under the "Exclusions" portion of the insurance contract, there is no excluded driver provision.
An insurance policy is a conventional obligation that constitutes the law between the insured and insurer, and the agreement governs the nature of their relationship. La.Civ.Code art. 1983. As such, courts are guided by certain principles of construction and should interpret insurance policies the same way they do other contracts by using the general rules of contract interpretation as set forth in our Civil Code. Ledbetter v. Concord Gen. Corp., 95-0809 (La.1/6/96); 665 So.2d 1166, amended, 95-0809 (La.4/18/96); 671 So.2d 915. The purpose of liability insurance is to afford the insured protection from damage claims. Insurance contracts, therefore, should be interpreted to effect, not deny coverage. Yount v. Maisano, 627 So.2d 148 (La.1993). Any exclusion from *38 coverage must be clear and unambiguous. Capital Bank & Trust Co. v. Equitable Life Assurance Society of U.S., 542 So.2d 494 (La.1989). Ambiguities in the provisions of an insurance policy are to be resolved in favor of the insured. Garcia v. St. Bernard Parish Sch. Bd., 576 So.2d 975 (La.1991).
The U.S. Agencies' insurance policy is ambiguous and it is uncertain whether Mrs. Levy was covered under the policy. The endorsement provisions and the body of the policy are in direct conflict. Thus, it is our conclusion that the trial court erred in denying Mrs. Levy's motion for summary judgment. It is a long-standing, and almost axiomatic, rule of law that ambiguous insurance policies are resolved in favor of coverage. U.S. Agencies' conflicting language in the endorsement to its policy and the language in the body of the insurance contract flows from its own actions in drafting the policy. Insurance companies cannot take advantage of the fact that La.R.S. 32:866(A)(1) is a relatively new provision in our law. They have had ample time to review the law and their policy language to adjust to the new law and to structure their policy provisions to remove all doubt as to coverage.

IV.

CONCLUSION
Accordingly, La.R.S. 32:866(A)(1) does not apply to the Levys. At the time of the accident in question, Mr. Thaddeus Levy had in full force and effect, compulsory motor vehicle liability security with Progressive Casualty Insurance Company in full compliance with the law. The denial of coverage in this instance will diminish the legislative intent of La.R.S. 32:866(A)(1). In fact, the legislative intent has been served by the maintenance of insurance on this vehicle.
For the foregoing reasons, we find that the trial court erred in failing to grant Mrs. Levy's motion for summary judgment. Costs of this appeal are taxed against Jeffery P. Vincent and U.S. Agencies.
REVERSED AND REMANDED FOR TRIAL ON THE MERITS.
DECUIR, J., dissents for the reasons assigned by SULLIVAN, J.
SULLIVAN, J., dissents. Plaintiff was specifically excluded from the insurance policy. Therefore, she failed to maintain compulsory motor vehicle liability insurance and La.R.S. 32:866 applies.