887 So.2d 86 (2004)
Christian J. AIKMAN
v.
Carlette J. THOMAS, Charles N. Thomas, Direct General Insurance Co. of La., John Doe Sturm, XYZ Insurance Company
State Farm Mutual Automobile Insurance Company and Christian J. Aikman
v.
Charles N. Thomas, Carlette N. Thomas, David Lee Sturm, and Direct General Insurance Company of La
Nos. 2003 CA 2241, 2003 CA 2242.
Court of Appeal of Louisiana, First Circuit.
September 17, 2004.
*88 Donald G. Cave, Baton Rouge, Counsel for Plaintiff/Appellant Christian J. Aikman.
Pierce A. Hammond, II, New Orleans, Counsel for Charles N. Thomas and Carlette Thomas and Charles Thomas.
Kim Segura Landry, Gonzales, Counsel for Appellee Direct General Insurance Company of Louisiana.
Frank J. Achary, Metairie, Counsel for David Lee Sturm.
Dan Richard Dorsey, Patrick A. Parham, Covington, Counsel for State Farm and Christian Aikman.
Before: WHIPPLE, FITZSIMMONS and DOWNING, JJ.
DOWNING, J.
Plaintiff, Christian Aikman, filed the instant suit against defendants, Carlette and Charles Thomas and their insurer, Direct General Insurance Company, for damages arising from a May 7, 1999 automobile accident that was caused by Carlette's minor son, David Sturm. Direct General issued a liability policy to Charles Thomas. On the application dated September 11, 1998, Charles Thomas, Carlette Thomas, David Thomas (born 1/22/82), Michael Thomas (born 2/26/83), and Jennifer Thomas (born 6/15/89), were listed as residents of the household. On the declaration page, Carlette was listed as a named driver and her three children, David, Michael and Jennifer, were listed as excluded drivers. The parties do not dispute that David Thomas' legal name is David Sturm, because the boy was never officially adopted by Charles Thomas.
In response to this petition, Direct General filed a motion for summary judgment alleging that there was no coverage under the policy due to the driver exclusions. The policy was introduced into evidence along with the affidavit of Charles Thomas. Following a hearing, the trial court granted summary judgment dismissing Aikman's claims against Direct General. Aikman appealed. The narrow issues presented for our review are (1) whether the document listing David Thomas as an excluded driver was a valid waiver of liability coverage for David Sturm, and (2) whether the trial court erred in finding that the policy in question was clear and unambiguous and thereby excluded David Sturm as a driver. For the following reasons, we affirm the judgment of the trial court granting summary judgment in Direct General's favor.
In determining whether summary judgment is appropriate, appellate courts conduct a de novo review of the evidence employing the same criteria that govern the trial court's determination of whether summary judgment is appropriate. Henderson v. Kingpin Development Co., 01-2115 p. 4 (La.App. 1 Cir. 8/6/03), 859 So.2d 122, 126. Summary judgment is appropriate only if the admissible pleadings, depositions, answers to interrogatories and admissions on file, together with any affidavits, show that there is no genuine issue of material fact and that the mover is entitled to judgment as a matter of law. La.Code Civ. P. art. 966(B). *89 When a motion for summary judgment is made and supported as provided by law, an adverse party may not rest on the mere allegations of his pleadings, and his response, by affidavits or as otherwise provided by law, must set forth specific facts showing that there is a genuine issue for trial. Robles v. Exxonmobile, 02-0854, p. 4 (La.App. 1 Cir. 3/28/03), 844 So.2d 339, 341. If the adverse party does not so respond, summary judgment, if appropriate, will be granted and rendered against him. Id.
Aikman first argues that David Sturm was not excluded from driving under the policy because the naming of a fictitious person, in this case, David Thomas, should have no effect on the omnibus coverage afforded to David Sturm.
We disagree. The law is well settled that when both the insured and the insurer intended to exclude liability coverage on a particular person, the technicality of a mistakenly written name will not void the exclusion. Baker v. Fireman's Fund Insurance Company, 309 So.2d 362, 363 (La.App. 2 Cir.1975). In this case, Charles Thomas testified by deposition that he signed the exclusion and intended to exclude the children residing in the household, and that David Sturm was one of those children. He also testified that although David Sturm had never been adopted, he went to school under the name of David Thomas. Accordingly, no genuine issue of material fact exists whether this insurer and this insured intended to exclude David Sturm from coverage under the policy.
Aikman next argues that summary judgment was not appropriate because of an ambiguity in the policy. The Direct General liability policy promises to pay damages "for bodily injury or property damages for which the law holds you responsible because of a car accident involving a car we insure." Under the "definitions" section of the policy, "you" is defined to include "a member of the family who is a resident of the household shown on the application for coverage and holds a valid driver's license." Aikman contends, that this policy, on its face, affords coverage to Charles and Carlette as well as any member of their family residing at their residence who holds a valid driver's license. And since this policy does not include the term, "unless otherwise excluded," he argues that a conflict is created with the named driver exclusion endorsement, and thus, the contract must be resolved in favor of coverage.
Aikman urges this court to follow the Third Circuit's decision in Levy v. Vincent, 02-0277, p. 5 (La.App. 3 Cir. 7/18/01), 796 So.2d 34, 38, involving similar language. That court concluded that because similar conflicting language flowed from the insurer's own actions in drafting the policy, the language must be construed against the insurer.
The rules concerning the interpretation of insurance contracts are set forth by the Louisiana Supreme Court in the case of Crabtree v. State Farm Insurance Co., 93-0509 (La.2/28/94), 632 So.2d 736, 741. An insurance policy is a contract between the parties and should be construed using the general rules of interpretation of contracts set forth in the Civil Code. Id. If the words of the policy are clear and explicit and lead to no absurd consequences, no further interpretation may be made in search of the parties' intent and the agreement must be enforced as written. Id. Insurance policies should not be interpreted in an unreasonable or strained manner so as to enlarge or restrict its provisions beyond what is reasonably contemplated by its terms or so *90 as to achieve an absurd conclusion. Id. The policy should be construed as a whole and one portion thereof should not be construed separately at the expense of disregarding another. Id. If after applying the general rules of construction an ambiguity exits, the ambiguous contractual provision is to be construed against the insurer who issued the policy in favor of the insured. Id. An insurance policy must be construed as a whole. LSA-C.C. art.2050. Further, in the interpretation of statutes and contracts, the specific controls the general. Mixon v. St. Paul Fire & Marine Ins. Co. of St. Paul, Minn., 147 La. 302, 305-306, 84 So. 790, 791 (La.1920). Documents evidencing the complete contract, such as binders, riders and in this case, driver exclusions, when executed together for that purpose, must be read together. Id.
Applying the foregoing principles of contract interpretation to the policy language at issue, we conclude that there are no contradictions or ambiguity in this policy. One cannot simply read the definition section for a determination of who is insured in the agreement; one must look to the entire policy as a whole. The section entitled "Insuring Agreement" makes it clear that the declaration page is specifically incorporated into the policy; it reads as follows:
Upon your payment of the premiums, we agree that this policy provides the kinds of insurance you have selected from the list of available coverages and which are shown on the declaration page. The declaration page is a part of this policy. (Emphasis added.)
The success of Aikman's argument is dependent upon the policy being read without the declaration page. When read without the declaration page, the word "you" could be construed together with the definition section to cover all family members living in the household with a valid drivers license. Unlike the facts in the Levy case, however, the Insuring Agreement section before us clearly includes the declaration page as part of the policy.
The declaration page was obviously added for specificity. Therefore, construing the policy provisions in light of each other so that each is given the meaning suggested by the policy as a whole, the clear and unambiguous language of the "Insuring Agreement" incorporates the specific exclusion of three named family members including David Thomas, a/k/a David Sturm.
Moreover, the form entitled "Driver Restriction" states in bold letters that "this endorsement forms part of the policy to which attached" and "is subject to the declarations, conditions and other terms of the policy." Here David Thomas is shown as an "excluded driver" on the driver restriction endorsement. The endorsement would not have been added if not for the purpose of specificity.
Because, in the interpretation of contracts the specific controls the general, the specific exclusion of the driver restriction endorsement and the declaration page must therefore control over the general inclusion of the definition of "you." See Mixon, 147 La. at 306, 84 So. at 791.
The policy taken as a whole, including the "Insuring Agreement," specifically incorporating the "Declaration Page," and the "Driver Restriction" endorsement, shows that Charles and Carlette Thomas are principal drivers and that David is specifically excluded under the policy. Without the drivers' exclusions, perhaps the policy could be interpreted together with the definition of "you" to construe coverage for David Sturm. However, in the policy before us, no ambiguity exists that David Strum is excluded from coverage.
*91 Accordingly, the exclusion of David Thomas as a driver on the policy is valid and summary judgment was appropriate.

DECREE
For the above reasons, we affirm the trial court's judgment and assess all appeal costs to Christian J. Aikman.
AFFIRMED.