LLOLLEY, J.
This appeal by Bobbie and Richard Sims arises from the Fourth Judicial District Court, Parish of Ouachita, Louisiana. This automobile insurance action was filed by the Sims as a result of the negligent operation of a vehicle driven by Norma Guerrero. The trial court granted summary judgment in favor of Direct General Insurance Company of Louisiana, finding that its policy provided no coverage to Mrs. Guerrero for the automobile accident she caused, nor for the injuries suffered by the Sims. For the reasons set forth below, we affirm the trial court’s grant of summary judgment.
FACTS
The Sims allege that on January 28, 2003, Bobbie Sims was standing beside a car in the parking lot of Mac’s Fresh Food in West Monroe, Louisiana when a van registered to Javier Guerrero, and driven by his wife, Norma Guerrero, pulled into a parking place. The van was insured by Direct General Insurance Company of Louisiana. Mrs. Guerrero allegedly put the van in reverse instead of park and backed into Bobbie Sims, pinning her between the van and an adjacent car and injuring her. In June 2003, the Sims filed this automobile insurance claim against Mrs. Guerrero and Direct General seeking damages for personal injuries to Bobbie Sims and for loss of consortium for Richard Sims. After Mrs. Guerrero filed an answer generally denying the allegations of the Sims’ petition, Direct General filed a petition for declaratory judgment and answer to the Sims’ petition, and subsequently filed a motion for summary judgment. Both of Direct ^General’s filings asserted that the insurance policy at issue contained a driver restriction endorsement, signed by the named insured, which specifically excluded Mrs. Guerrero from coverage under the policy.
The exclusion relied upon by Direct General is dated January 8, 2003, and is entitled “Direct General Insurance Company of Louisiana Designed Driver Exclusion Endorsement.” The exclusion states in pertinent part:
In consideration of the premium charged for the policy to which this endorsement applies, it is hereby understood and agreed that any insurance afforded by this policy shall not apply or accrue with respect to any claim arising from accidents which occur when any vehicle described in the declarations of the policy or any other vehicle to which the terms of the policy are extended is being used while operated, either with or without permission by the following excluded members of the insured’s household:
EXCLUDED RELATIONSHIP DATE
DRIVER TO INSURED OF BIRTH
Norma Guerrero WIFE 04/12/1975
Just above the signature line on the exclusion is a one-sentence paragraph stating:
This endorsement shall supersede any policy provision to the contrary.
The exclusion was signed by Javier Guerrero on January 8, 2003, and states that the endorsement became effective at 1:14 p.m. on that date.
Direct General’s motion for summary judgment was taken up, argued, and granted by the trial court on April 16, 2004. This appeal ensued.
DISCUSSION
The Sims’ argument against summary judgment, both in the trial court and on appeal, admits that the Direct General policy contains the | ¿endorsement excluding Mrs. Guerrero as an insured. However, *1186 the Sims contend that the policy is ambiguous when read as a whole and that the ambiguity should be construed against Direct General and in favor of coverage. The Sims rely on the case of Levy v. Vincent, 2001-0277(La.App. 3rd Cir.07/18/01), 796 So.2d 34, where it was determined that the policy language in an endorsement specifically excluded the wife who was a permissive driver of her husband’s truck. However, the Levy court further found that the exclusion was in conflict with other language in the body of the policy, thereby creating ambiguity which should be resolved in favor of the insured. The Levy court further noted that under the “exclusions” portion of the insurance contract, there was no excluded driver provision.
Our reading of the endorsement provision in the instant policy shows no ambiguity existed in that regard. Furthermore, even if the exclusion found in the endorsement provides a narrower scope of coverage than the provisions in other sections of this policy, such differences do not necessarily create ambiguity. The extent of coverage is determined by the parties’ intent as reflected by the words of the policy; the intent is to be determined in accordance with the general, ordinary, plain and popular meaning of the policy’s words, unless those words have acquired a technical meaning. Ledbetter v. Concord General Corporation, 95-0809 (La.01/06/96), 665 So.2d 1166. The very purpose of exclusions added through endorsements is to change what otherwise would be the meaning of the terms in the policy or the scope of the coverage. The use of such endorsements fallows the parties to adjust a policy without having to confect an entire new policy in place of a “standard” policy.
In the instant case the insurance policy contained a specific designated driver exclusion endorsement that named Mrs. Guerrero as a driver excluded under the policy. The wording of the endorsement is unambiguous, and the intent of the exclusion cannot be mistaken. Furthermore, the endorsement specifically states that it shall supersede any policy provision to the contrary. Thus, because the endorsement excludes Mrs. Guerrero from coverage that otherwise would be present under the standard language of the policy, we conclude that the exclusion is valid and unambiguous.
CONCLUSION
For the reasons assigned above, the trial court’s grant of summary judgment is hereby affirmed at appellants’ cost.
AFFIRMED.