Judgment rendered September 21, 2022.
Application for rehearing may be filed
within the delay allowed by Art. 2166,
La. C.C.P.

No. 54,751-CA

COURT OF APPEAL
SECOND CIRCUIT
STATE OF LOUISIANA

* * * * *

IN THE MATTER OF THE SUCCESSION
OF MARGARET H. FRAZIER

* * * * *

Appealed from the
First Judicial District Court for the
Parish of Caddo, Louisiana
Trial Court No. 624,929

Honorable Craig O. Marcotte, Judge

* * * * *

| | |
|---|---|
| SHUEY SMITH, LLC<br>By: Richard E. Hiller | Counsel for Appellant,<br>Dalmatia Davenport |
| CARL H. FRANKLIN | Counsel for Appellee,<br>James Frazier, Jr. |

* * * * *

Before MOORE, THOMPSON, and HUNTER, JJ.

**THOMPSON, J.**

This case involves the self-dealing, purported sale of a home from an elderly woman's agent to herself, via a power of attorney granted to her by the elderly woman. The executor of the elderly woman's estate challenged the validity of the quit claim deed to the agent, and the trial court found that the power of attorney did not grant the agent the authority to self-deal. The trial court ruled that the deed was null and void, and the agent now appeals. For the following reasons, we affirm the trial court's ruling.

## FACTS

On November 17, 2019, Margaret Frazier ("Ms. Frazier") executed a power of attorney ("POA") in favor of her granddaughter, Dalmatia Davenport ("Davenport"). The POA was signed in the presence of a notary and two witnesses. The POA contains common language that generally delegates certain powers to Davenport, including the ability to sell, exchange, buy, invest, or reinvest any assets or property owned by Ms. Frazier. Davenport was empowered to "sell, convey, lease, mortgage, manage, insure, improve, repair, or preform any other act with respect to any of [Ms. Frazier's] property (now owned or later acquired) including, but not limited to, real estate and real estate rights." Finally, Davenport had the specific right to make gifts from Ms. Frazier's assets to members of Ms. Frazier's family and such other persons or charitable organizations. The POA also includes the following language:

> No Agent acting under this instrument, except as specifically authorized in this instrument, shall have the power or authority to (a) gift, appoint, assign or designate any of my assets, interests, rights, directly or indirectly, to such Agent, such Agent's estate, such Agent's creditors, or the creditors of such Agent's estate…"

The POA was recorded with the Caddo Parish Clerk of Court on December 9, 2019, under Registry Number 2769770. As revealed later at trial, the entirety of the POA was not included in the recorded instrument. Davenport testified she did not want to pay the extra fee for recorded instruments over five pages and, thus, did not record the last two pages of the POA, which are entitled "Notice to Person Accepting the Appointment as Attorney-in-Fact." The first page of the Notice includes eight responsibilities of the agent, and the second page includes the agent's signature and an additional specific prohibition:

> You may not transfer the principal's property to yourself without full and adequate consideration or accept of a gift of the principal's property unless this Power of Attorney specifically authorizes you to transfer property to yourself or accept a gift of the principal's property. If you transfer the principal's property to yourself without specific authorization in the Power of Attorney, you may be prosecuted for fraud and/or embezzlement.

On November 8, 2019, Ms. Frazier executed a will naming James Frazier, Jr. ("Mr. Frazier") as the executor of her estate and as the beneficiary of all of her property. Mr. Frazier describes himself as Ms. Frazier's nephew, although it was revealed at trial that he is her best friend's child and not an actual blood relation. On December 19, 2019, a quit claim deed was signed by Ms. Frazier, purportedly conveying her interest in the property located at 724 East 71st Street, Shreveport, Louisiana (hereinafter, the "Property") to Davenport. This deed was recorded with the Caddo Parish Clerk of Court, under Registry Number 2770998. Sometime after this conveyance, Ms. Frazier died, and Mr. Frazier filed a petition to have himself appointed as the executor of her estate, which was confirmed.

2

On July 21, 2020, Mr. Frazier filed a petition to set aside and annul the quit claim deed, alleging that Ms. Frazier did not sign the deed conveying the property to Davenport. The petition included a handwriting analysis prepared by an expert, stating that Ms. Frazier did not sign the quit claim deed. In her answer, Davenport revealed that Ms. Frazier had not signed the deed, but instead, Davenport had signed on her behalf, as her agent. After a hearing on this matter, the trial court found that the POA did not grant Davenport the required specific authority to convey Ms. Frazier's property to herself and granted the petition to set aside and annul the deed. Davenport appeals.

## ASSIGNMENT OF ERROR

Davenport argues that the trial court erred by declaring invalid and, therefore, null and void the quit claim deed to Davenport by which Margaret Frazier sold, transferred, and conveyed her interest in the property located at 724 East 71st Street in Shreveport, Louisiana.

## DISCUSSION

Davenport argues that her authority to self-deal was granted by Section 11 of POA, which states in pertinent part that Davenport is authorized to "make gifts from my assets to members of my family." Davenport argues that this provision is the specific authorization required by statute and that it satisfies the other provisions contained in the POA that prohibit self-dealing. We disagree.

The authority of the representative to represent another in legal relations may be conferred by law, by a contract of mandate, or by the unilateral juridical act of procuration. La. C.C. art. 2986. Pursuant to

3

procuration, a person, the principal, confers authority on another person, the representative, to represent the principal in legal matters. La. C.C. art. 2987. The term procuration refers to the same contractual relationship that is known as a power of attorney. *Richland State Bank v. dePingre*, 54,411 (La. App. 2 Cir. 4/5/22), 337 So. 3d 579. A power of attorney is subject to the rules of mandate to the extent those rules are compatible with the nature of the representation. La. C.C. art. 2988.

Under the rules of mandate, the authority to alienate or encumber a thing must be expressly given. La. C.C. art. 2996. Express authorization is required for the agent to contract a loan, acknowledge a debt, or become a surety. La. C.C. art. 2997(3). Self-dealing also requires **express** authority. *Richland*, *supra*. La. C.C. art. 2998 requires that a mandatary who represents the principal as the other contracting party may not contract with himself unless he is authorized by the principal. When the authority to self-deal involves the sale of immovable property, that authority must be specific and in writing. *Noel v. Noel*, 16-734 (La. App. 3 Cir. 8/2/17), 225 So. 3d 1114, *writs denied*, 17-1817 (La. 1/9/18), 231 So. 3d 651 and 17-1830 (La. 1/9/18), 231 So. 3d 654.

Here, the POA includes the general language that Ms. Frazier's agent is authorized to make gifts from her assets to her family. However, it also includes two explicit provisions, one in the body of the POA and the other in the attached Notice, that prohibit self-dealing by the agent. In the interpretation of contracts, the specific controls the general. *Age v. DLJ Mortg. Capital, Inc.*, 13-1654 (La. App. 4 Cir. 8/13/14), 147 So. 3d 1186. Powers of attorney are construed strictly and no special authority is implied

4

by the general terms of a procuration except ordinary powers of administration. *Noel*, *supra*. We find that while Davenport was authorized to gift Ms. Frazier's property to her family, there is no specific authorization in the POA allowing her to convey the property to herself. The trial court appropriately granted Mr. Frazier's petition for relief and found that the quit claim deed by Davenport to herself was null and void.

## CONCLUSION

For the foregoing reasons, the ruling of the trial court is affirmed. Costs of this appeal are assessed to the appellant, Dalmatia Davenport.

**AFFIRMED.**